1
2
3
4
5
6                          IN THE UNITED STATES DISTRICT COURT

7                             FOR THE DISTRICT OF ARIZONA

8

9    Armando Munoz Randall,              )    No.  CV-13-0540-PHX-DGC (DKD)
                                         )
10                  Petitioner,          )
                                         )
11   vs.                                 )    **REPORT AND RECOMMENDATION**
                                         )
12   Charles L. Ryan, et al.,            )
                                         )
13                  Respondents.         )
                                         )
14   _____ )

15   TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

16          Armando Munoz Randall filed a Petition for Writ of Habeas Corpus on March 14,

17   2013, challenging his convictions in two criminal cause numbers for three counts of armed

18   robbery and one count of unlawful discharge of a firearm, and the trial court's imposition of

19   aggravated, concurrent terms of imprisonment, the longest being 18 years.  Randall raises

20   four grounds for habeas relief:  (1) he received the ineffective assistance of both trial and

21   post-conviction counsel; (2) he was denied his right to a jury trial on aggravating

22   circumstances; (3) Arizona sentencing statutes violate his due process rights; and (4) he was

23   denied his sixth amendment rights in plea bargaining proceedings.  Respondents argue that

24   the petition is untimely filed, and that Randall is not entitled to statutory or equitable tolling.

25   The Court agrees and recommends that the petition be denied and dismissed with prejudice.

26                                    **BACKGROUND**

27          Following a September 28, 2007 sentencing on both cause numbers, Randall filed a

28   timely Notice of Post-Conviction relief in each case on November 2, 2007 (Doc. 13, Exh L-

P).  The trial court appointed counsel, who filed a Notice of Completion of Post-Conviction Review, indicating that he had found no claims for relief in either case (*Id.*, Exh Q,  R).  On September 9, 2008, Randall filed a joint pro per petition in each cause number (*Id.*, Exh T).  On September 12, 2008, the trial court struck the petition for failing to comply with the Arizona Rules of Criminal Procedure because it did not "contain a memorandum of points and authority, legal or record citations, and allegations of fact with support" (*Id.*, Exh U).  The trial court allowed Randall 30 days to file a conforming petition (*Id.*).  On December 3, 2008, 53 days after the expiration of the 30-day limit, the trial court dismissed the post-conviction proceeding because of Randall's failure to file a petition (*Id.*, Exh V).

On April 13, 2011, two and one half years later, Randall filed a Petition for Writ of Habeas Corpus in state court in both causes (*Id.*, Exh W).  The trial court treated each petition as a successive and untimely petition for post-conviction relief.  Randall argued that his excuse for the untimely filing was his lack of legal knowledge.  The trial court ruled that ignorance of the law was not a valid excuse for an untimely filing.  In addition, the trial court decided that Randall failed to provide any support for his claim of newly discovered evidence, and that his other claims were precluded.  The trial court dismissed both petitions (*Id.*, Exh X, Y).

In one of the cause numbers, Randall filed a petition for review in the Arizona Court of Appeals.  On September 12, 2012, the court of appeals granted review but denied relief (*Id.*, Exh Z).  The Court of Appeals agreed with the trial court that ignorance of the law was not a valid excuse for an untimely filing, and that Randall had not established that the trial court abused its discretion in dismissing his petition (*Id.*).  The Arizona Supreme Court granted Randall an extension of time to file his petition for review; he failed to file a petition and the supreme court dismissed the review proceeding on November 30, 2012 (*Id.*, AA).  Randall filed his federal petition on March 14, 2013.

**DISCUSSION**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts.  28 U.S.C. § 2244(d)(2). Because Randall pleaded guilty, he was entitled to a Rule 32 "of-right" post-conviction relief proceeding, and the conclusion of that proceeding was the date on which Randall's conviction became final.  *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007).

Randall's conviction became final when the time for filing a petition for review from the trial court's dismissal of his of-right petition for post-conviction relief expired.  *Summers.* The trial court dismissed his first post-conviction proceeding on December 3, 2008. Therefore, his conviction became final on January 2, 2009, 30 days after the time expired for him to petition for review from the trial court's dismissal of his first post-conviction proceeding.  Randall was required to file his federal petition on or before January 2, 2010. Absent any statutory tolling, his petition, filed on March 14, 2013, was untimely.

Randall's post-conviction petition filed in 2011 did not toll the limitations period. "[A] properly and timely filed petition in state court only tolls the time remaining in the federal limitation period."  *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001), *cert. denied,* 538 U.S. 949 (2003).  There can be no tolling following the expiration of the limitations period because "there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000).  In addition, his 2011 notice of post-conviction relief, filed after the expiration of the one-year limitations period, does not restart the clock.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Randall is also not entitled to equitable tolling.  He has not demonstrated that he was pursuing his rights diligently nor the existence of any extraordinary circumstances which

prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). Randall gives no explanation in his federal petition why he waited two and one half years before filing his second post-conviction petition. However, he indicated in his Petition for Review from the dismissal of his second post-conviction petition that his lack of legal knowledge should excuse his untimely filing. Both the trial court and the court of appeals ruled that Randall's ignorance of the law was not a valid excuse for an untimely filing. Although the supreme court granted him an extension in which to file his petition for review, he never filed a petition. A lack of legal sophistication by a pro se petitioner is not, by itself, an extraordinary circumstance warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). In any event, that lack of legal knowledge did not prevent him from timely filing his first notice of post-conviction relief, and later a petition for review in the court of appeals.

**IT IS THEREFORE RECOMMENDED** that Armando Munoz Randall's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any

- 4 -

factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 21st day of January, 2014.

_____

David K. Duncan
United States Magistrate Judge